UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD MOONEY,<br><br>    Plaintiff,<br><br> v.<br><br>ROLLER BEARING COMPANY OF AMERICA, INC.,<br><br>    Defendant,<br><br> v.<br><br>WELLS FARGO BANK NA,<br><br>    Garnishee-Defendant. | CASE NO. 2:24-mc-00002-LK<br><br>ORDER DENYING APPLICATION FOR WRIT OF GARNISHMENT |

This matter comes before the Court on Plaintiff Richard Mooney's Application for Writ of Garnishment. Dkt. No. 1. The application is denied without prejudice to renew.

"Garnishment is a statutory remedy that requires strict adherence to the procedures expressly authorized by statute." *Watkins v. Peterson Enters., Inc.*, 973 P.2d 1037, 1043 (Wash. 1999). Section 6.27.090(2) of the Revised Code of Washington allows "a garnishment attorney fee in the amount of the greater of one hundred dollars or ten percent of (a) the amount of the judgment

ORDER DENYING APPLICATION FOR WRIT OF GARNISHMENT - 1

remaining unsatisfied or (b) the amount prayed for in the complaint. The garnishment attorney fee shall not exceed three hundred dollars." Plaintiff seeks a garnishment attorney fee of $500, which exceeds the statutory maximum. Dkt. No. 1-2 at 2. This is not the only shortcoming in the proposed writ, which also cites the incorrect subsection of the relevant statute. *Id.* (citing Wash. Rev. Code § 6.15.010(1)(d)(ii)(A) instead of § 6.15.010(1)(d)(iii)(A)); *see also* Wash. Rev. Code § 6.27.100(d) (form of writ).

In addition, Plaintiff's proposed Writ of Garnishment commands Wells Fargo Bank N.A. "to answer this writ by filling in the attached form according to the instructions in this writ and in the answer forms[.]" *Id.*; *see* Wash. Rev. Code §§ 6.27.100(1), 6.27.190; *see also* Wash. Rev. Code § 6.27.070 ("[T]he clerk . . . shall immediately issue and deliver a writ of garnishment . . . commanding the garnishee to answer said writ *on forms served with the writ* and complying with RCW 6.27.190 within twenty days after the service of the writ upon the garnishee." (emphasis added)). However, no answer form is attached to Plaintiff's Proposed Writ of Garnishment. *See generally* Dkt. No. 1-2. The application is therefore DENIED without prejudice. *See, e.g.*, *Pac. Coast Shipyards Metal Trades Tr. Fund v. Pac. Ship Repair & Fabrication, Inc.*, No. 2:23-mc-00060-LK, Dkt. No. 2 at 2 (W.D. Wash. Aug. 9, 2023) (denying application for writ of garnishment where plaintiff failed to attach answer form); *Nw. Adm'rs, Inc. v. CY Expo LLC*, No. 2:23-mc-00051-LK, 2023 WL 4363674, at *1 (W.D. Wash. July 6, 2023) (same).

These may not be the only shortcomings in Plaintiff's application, but the Court need not scour the record any further. Plaintiff may file an amended application by February 20, 2024. If the Court does not receive an amended application by that date, it will direct the Clerk to close this matter.

//

//

ORDER DENYING APPLICATION FOR WRIT OF GARNISHMENT - 2

These errors have unnecessarily multiplied the proceedings in this case. Future errors may result in the imposition of sanctions.

Dated this 19th day of January, 2024.

*Lauren King*
Lauren King
United States District Judge